01 JUL 10 PM 3: 14

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

GARY MISHOE,

    Plaintiff,

                       8:01-CV-1303-T-26TGW

v.                     Case No.: GC-G-01-1713
                                     08

CITY OF BARTOW,

    Defendant.
_____/

## COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.     This is a proceeding for declaratory and injunctive relief and damages to redress violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e), et seq.) as amended by the Civil Rights Act of 1991 and the Florida Civil Rights Act, Fla. Stat. §760.11 (2000). The Plaintiff at all times material was an employee of the City of Bartow. The Plaintiff seeks a declaratory judgement that he was retaliated against for supporting a co-worker that was in a sexually hostile atmosphere. He seeks an injunction against future violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Florida Civil Rights Act. He seeks back pay and benefits and front pay.

### II. JURISDICTION

2.     This action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e)-5(f)(3), and the Florida Civil Rights Act §760.11 (2000).

3.     Venue is proper in the Circuit Court of Polk County, Florida, pursuant to Fla.

2

Stat.§760.11 (2000) and 42 U.S.C. §2000(e)-5(f)(3) because the claim arose here.

4. The Circuit Court is vested with jurisdiction to order an injunction, reinstatement, back pay or any other equitable relief as may be proper, pursuant to 42 U.S.C. §2000(e)-5(g) and Fla. Stat. §760.11.

### III. PARTIES

5. The Plaintiff, GARY MISHOE, hereinafter referred to as MISHOE, was at all times material a resident of Polk County, Florida, was at all times material employed by Defendant, CITY OF BARTOW. The Plaintiff is a member of a protected group under Title VII and the Florida Civil Rights Act, i.e. he had complained about an act made unlawful by Title VII and the Florida Civil Rights Act.

6. Defendant, CITY OF BARTOW, hereinafter referred to as City of Bartow, at all times material was an employer as envisioned by 42 U.S.C. §2000(b) and Fla. Stat. §760.02(6). At all times material Defendant was engaged in an industry affecting commerce in the state of Florida employing over 100 persons.

### IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC), and the Florida Commission on Human Relations (FCHR) on August 8, 2000.

8. The United States Department of Justice issued Plaintiff a Notice of Right to Sue on March 14, 2001. (see "Exhibit A").

9. Notice of Pending Action was received by the proper authority on July 18, 2000.

2

## V. STATEMENT OF FACTS

10. On or about March 18, 1999, the Plaintiff was hired with the City of Bartow as the Director of the Water and Wastewater Treatment Department.

11. At the time Plaintiff was hired his secretary was Patricia Ann Jones, shortly thereafter, she was replaced by an employee named Peggy Pepe.

12. Towards the end of 1999, the Plaintiff noticed that the relationship between Eddie Brown, Head of the Sanitation Department, and Pepe was flirtatious.

13. Subsequent to Christmas 1999, Plaintiff noticed a change in the relationship between Pepe and Brown. Brown often complained about Pepe trying to tell him how to run the sanitization department and he had reservations about making her a permanent employee.

14. Brown had asked Plaintiff to make a recommendation to prevent Pepe from becoming a permanent employee.

15. Plaintiff noticed an escalation of problems between Brown and Pepe. In April, 2000, Plaintiff then discussed with Pepe whether Brown's behavior towards her was at all related to Brown's previous flirtations. Pepe admitted to Plaintiff that this was the case.

16. Shortly thereafter, Plaintiff, Richard Williams, the Assistant City Manager, of the Defendant and Pepe had a meeting on an unrelated subject. At that time, Plaintiff brought up the issue of Brown sexually harassing Pepe.

17. Since the sexual harassment had stopped in December 1999, Williams indicated to Plaintiff that he was inclined not to take any action. Plaintiff noted to Williams that though the sexual harassment had concluded, he felt Brown was retaliating against

3

Pepe for rebuffing his advancements.

18. Subsequent to this meeting, the Plaintiff drafted a memo to the City Manager, Joe DeLegge, stating he suspected Brown's actions to be sexual harassment and retaliation and he wish the matter to be investigated.

19. DeLegge informed Plaintiff that Pepe needed to put her complaint in writing.

20. Subsequent to submitting her complaint in writing, Pepe was required to continue to work around Brown.

21. On or about September 7, 2000, the Plaintiff overheard Brown speaking abrasively to Pepe over the city radio system. This was subsequent to Pepe submitting a written statement regarding her claims of sexual harassment.

22. Knowing that from the radio transmission Brown was proceeding to the office where Pepe was located, Plaintiff also proceeded to the office.

23. Upon arriving to the office, Plaintiff found Pepe in the inner hall in a very emotional state. Pepe related to Plaintiff that shortly before his arrival, Brown and two other sanitation workers intimidated her in her office.

24. Plaintiff found Brown outside of City Hall and Plaintiff indicated to Brown that it was unfortunate that he spoke to Pepe in that manner, and advised him not to do it again.

25. On June 9, 2000, Brown was terminated for sexual harassment, after a two month investigation.

26. On June 9, 2000, the Plaintiff was also terminated for "interference with the supervision of a probationary employee," without any prior notice or a hearing process, as was afforded to Brown.

4

## COUNT I

### VIOLATION OF TITLE VII

27. Plaintiff herein realleges and reaffirms each and every material allegation set forth above, and further allegation and statement of cause of actions shows:

28. Plaintiff was retaliated against for supporting a co-employee's claims of sexual harassment, which affected in a "term, condition, or privilege" of employment as envisioned by 42 U.S.C. §2000(e)-5(a) in that he was retaliated against by management for complaining and supporting Pepe's complaints to management about acts made illegal by Title VII.

29. Plaintiff was engaged in protected activity by complaining to management about Brown's sexual harassment.

30. Defendant, took adverse employment action towards Plaintiff by firing him.

31. The retaliation Plaintiff endured was the direct result of the sexual harassment complaints to management regarding Brown.

32. The conduct of the Defendant and its policies and practices as set and maintained by the Defendant deprived Plaintiff of his statutory rights under 42 U.S.C. §2000(e), et. seq.

33. As a direct, natural, proximate and foreseeable result of the action of Defendant, Plaintiff has suffered past and further pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity and other pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff prays that this Court will:

5

(a) Issue a Declaratory Judgement that the practices of the Defendant, towards Plaintiff are in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq., as amended by the Civil Rights Act of 1991

(b) Paying appropriate back pay;

(c) Grant Plaintiff his cost and reasonable award of attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-5(k), as amended by the Civil Rights Act of 1991.

(d) Grant such other and further relief as is just.

### COUNT II

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT

34. Plaintiff herein realleges and reaffirms each and every material allegation set forth above and for further allegation and statement of cause of action shows:

35. Defendant, conduct violates Fla. Stat. §760.11 (2000), in that Plaintiff was retaliated against for complaining about and supporting an employee's claims of sexual harassment, entitling Plaintiff to damages thereunder, including compensatory damages against the Defendant.

WHEREFORE, Plaintiff, prays for judgement against the Defendant for damages, including cost and such other and further relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 18th day of June, 2001.

DICESARE, DAVIDSON & BARKER, P.A.

MERETTE L. OWEIS, ESQUIRE
Florida Bar No.: 0001521
Post Office Box 7160
Lakeland, Florida 33807
(863) 648-5999
Counsel for Plaintiff

7



U.S. Department of Justice

Civil Rights Division

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WRY:WBF:mdu
DJ 170-17M-0

Employment Litigation Section
P.O. Box 65968
Washington, D.C. 20035-5968

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Gary L. Mishoe
c/o Merette L. Oweis, Esq.
DiCesare, Davidson & Barker
Attorneys at Law
Post Office Box 7160
Lakeland, Florida 33807-7160

Re: Gary L. Mishoe v. City of Bartow,
EEOC No. 151-A0-1951

Dear Mr. Mishoe:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over that charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the EEOC files pertaining to your case to the District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 501 East Polk St., Ste. 1020, Tampa, FL 33602.

This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

William R. Yeomans
Acting Assistant Attorney General
Civil Rights Division

By: [signature]

William B. Fenton
Deputy Chief
Employment Litigation Section

RECEIVED

MAR 2 1 2001

cc: District Office EEOC

Exhibit A